# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES KIRBY, as the parent and natural guardian of his minor son, Luke Kirby, | : | |
| | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 15-6208 |
| | : | |
| VISIONQUEST NATIONAL, LTD., et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**Stengel, J.**                                                        **April 25, 2016**

The plaintiff, Charles Kirby, brings this action as the parent and natural guardian

of his minor son, Luke Kirby ("Luke"), against Visionquest National, Ltd., Visionquest

Nonprofit Corporation and John Doe Defendant No. 1 ("Kyle").[1]  The plaintiff's

complaint alleges the following claims:  (1) assault and battery against Kyle ("Count I");

(2) *respondeat superior* against Visionquest ("Count II"); (3) negligence against

Visionquest and Kyle ("Count III"); (4) § 1983 violation against Kyle ("Count IV"); and

(5) § 1983 Monell claim against Visionquest and Kyle ("Count V").[2]  The defendants

filed a motion to dismiss Count V of the plaintiff's complaint pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure for failure to state a claim.  For the reasons

---

[1] Hereinafter, I will collectively refer to Visionquest National Ltd. and Visionquest Nonprofit Corporation as "Visionquest."
[2] Monell v. Dep't of Soc. Services, 436 U.S. 658 (1978).

discussed below, I am granting the defendants' motion to dismiss Count V of the plaintiff's complaint.

## I.     BACKGROUND

Visionquest provides a program which helps and manages troubled youths through alternative methods of teaching and behavior modification.  Pl.'s Compl. ¶ 6.  They specialize in assisting teenagers "who have had disciplinary issues, lack of impulse control, lack of structure, poor and/or inadequate coping skills, and/or inadequate life skills."  Id.  Pursuant to a court order that appointed Visionquest as the guardian of Luke Kirby *in loco parentis*, Luke was residing at a Visionquest facility located in Philadelphia.  Id. at ¶¶ 5, 9-10.

On May 14, 2015, Luke and the other members of his housing unit were in the common room of the facility watching television when an argument began between Luke and another boy.  Id. at ¶ 14.  Luke and the other boy began to fight, but after approximately thirty seconds, security guards rushed in to break up the fight.  Id. at ¶¶ 15-16. One of the security guards, Kyle, "grabbed Luke, placing his hands around Luke's wrists and twisting Luke's arms behind his back."  Id. at ¶ 17.  Then, Kyle slammed Luke's face into a door with a glass window and yelled "How does that feel!"  Id. at ¶ 18. The glass window of the door shattered when Luke's face hit it and injured Luke's face. Id. at ¶ 19.  Kyle immediately apologized to Luke after the incident.  Id. at ¶ 20.

Due to the injuries on his face, Luke was transported to Albert Einstein Medical Center where he was treated in the emergency room for those injuries.  Id. at ¶ 21.

Visionquest did not telephone the plaintiff to tell him his son was at the hospital nor did they report the incident to the Pennsylvania Office of Children, Youth and Families.  Id. at ¶¶ 22-23.

## II.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a "plausible claim for relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When presented with a motion to dismiss for failure to state a claim under Rule 12(b)(6), district courts should conduct a two-part analysis.  Fowler, 578 F.3d at 210. First, the court must separate the factual and legal elements of the claim.  Id.  The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Id.  Second, the court must determine whether the facts alleged in the

complaint demonstrate that the plaintiff has a "plausible claim of relief." Id. (citing

Iqbal, 556 U.S. at 678).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short

and plain statement of the claim showing that the plaintiff is entitled to relief." Iqbal, 556

U.S. at 677-78.  While Federal Rule of Civil Procedure 8(a)(2) does not require the

plaintiff to plead detailed factual allegations, it does demand "more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." Id. at 678.  In other words, a pleading

that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause

of action will not do." Twombly, 550 U.S. at 555.  Moreover, a pleading is not sufficient

if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id.

## III.   DISCUSSION

Count V of the plaintiff's complaint seeks to hold Visionquest liable for Kyle's

actions and Luke's subsequent injury under the theory of liability set forth in Monell v.

Dep't of Soc. Services, 436 U.S. 658 (1978).[3]  Visionquest argues that Count V of the

plaintiff's complaint fails to set forth sufficient factual allegations demonstrating that the

plaintiff has a plausible claim to relief.  Namely, the defendants argue that Count V is

subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure because

they have failed to identify a policy or custom that caused Luke's injury.

---

[3] The plaintiff alleges that Visionquest's actions "were committed under color of state law" and that Visionquest was "engaged in performing a governmental function" at all relevant times.  Pl.'s Compl. ¶¶ 42-43.  Thus, it appears that the plaintiff characterizes Visionquest as a private entity which is a state actor subject to constitutional scrutiny under the government function test.  The defendants do not dispute this characterization.

4

42 U.S.C. § 1983 permits a private party to recover in an action against any person acting under the color of state law who deprives the party of his or her constitutional rights.  42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"Section 1983 does not by itself confer substantive rights, but instead provides a remedy for redress when a constitutionally protected right has been violated."  Goff v. Kutztown Univ., 63 F.Supp.3d 475, 480 (E.D. Pa. 2014)(citing Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).  Therefore, in order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate:  (1) the violation of a right secured by the Constitution, and (2) that the constitutional deprivation was committed by a person acting under the color of state law.  Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

Under § 1983, a plaintiff may not hold a municipality or state actor liable on a *respondeat superior* theory.  Joseph v. Safehaven CEC, No. 14-3940, 2016 WL 693293, *5 (E.D. Pa. Feb. 22, 2016)("[A] city, municipality or private entity that is a state actor may not be held vicariously liable under § 1983 for the actions of its agents because there is no *respondeat superior* theory of municipal liability")(citations omitted).  Rather, Monell establishes that liability arises under § 1983 where the state actor implements or enforces "a policy statement, ordinance, regulation, or decision officially adopted and

promulgated by" an authorized decisionmaker.  Monell, 436 U.S. at 690.  A plaintiff

asserting that a state actor violated their constitutional rights under Monell may proceed

along a "two-path track . . . depending on whether the allegation is based on municipal

policy or custom."  Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996).  A

"policy is made when a decisionmaker possess[ing] final authority to establish municipal

policy with respect to the action issues an official proclamation, policy or edict."

Cummings v. City of Chester, Arthur Grenier, No. 15-4504, 2016 WL 304790, *3 (E.D.

Pa. Jan. 26, 2016)(citing Mulholland v. Cnty. of Berks, 706 F.3d 227, 237 (3d Cir.

2013)).  Whereas, a custom "lacks the formal approval of a municipal policy," but

consists of "such practices of state officials. . . .[as are] so permanent and well settled as

to constitute a 'custom or usage' with the force of law."  Glass v. City of Phila., 455

F.Supp.2d 302, 341 (E.D. Pa. 2006)(citing Monell, 436 U.S. at 691).  Under either track

to municipal liability, by custom or policy, the plaintiff has the burden of showing that

"an official who has the power to make policy is responsible for either the affirmative

proclamation of a policy or acquiescence in a well-settled custom."  Bielevicz v.

Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)(citations omitted).  Ultimately, a plaintiff

seeking to plead a Monell claim must:  "(1) identify a policy or custom that deprived him

of a federally protected right, (2) demonstrate that the municipality, by its deliberate

conduct, acted as the 'moving force' behind the alleged deprivation, and (3) establish a

direct causal link between the policy or custom and the plaintiff's injury."  Blasi v.

Borough of Pen Argyl, Civ. A. No. 14-1354, 2015 WL 4486717, *5 (E.D. Pa. July 23,

2015)(citing Bd. of Cnty. Comm'rs  of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 404 (1997)).

I am granting the defendants' Rule 12(b)(6) motion to dismiss because I find that the plaintiff has failed to allege sufficiently a plausible claim for relief under § 1983 as he has not identified the specific policy or custom which caused Luke's constitutional deprivation.  The plaintiff alleges his Monell claim as follows:

> Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of the City of Philadelphia, which caused violations of Plaintiff's constitutional and other rights.

Pl.'s Compl. ¶ 46.  The plaintiff does not set forth any further factual allegations regarding the particular policy or custom that deprived Luke of his constitutional rights.

This formulaic recitation of a Monell claim is not sufficient to meet the pleading standards of Rule 8(a).  Count V of the plaintiff's complaint consists of nothing more than a mere conclusory statement that a policy or custom existed which caused Luke's constitutional injury without any factual support identifying the specific policy or custom, or explaining how that specific policy or custom caused Luke's injury.  In other words, the allegations set forth in Count V have failed to establish a casual nexus between Luke's injury and Visionquest's *deliberate* action.   See Bd. of Cnty. Com'rs of Bryan Cnty., 520 U.S. at 404 ("[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the

municipal action and the deprivation of federal rights."). Without that casual nexus,

Kyle's actions exist only as a single incident by a Visionquest security officer which is

insufficient to demonstrate that Visionquest was the moving force behind Luke's injury.

See Oklahoma City, 471 U.S. at 823-24 ("[A] single incident of unconstitutional activity

is not sufficient to impose liability under Monell, unless proof of the incident includes

proof that it was caused by an existing, unconstitutional municipal policy, which policy

can be attributed to a municipal policymaker."). Without further factual enhancement,

the theory of liability that the plaintiff espouses is simply *respondeat superior* which is

not a viable theory under Monell. Therefore, I will grant the defendants' motion to

dismiss Count V of the plaintiff's complaint.

## IV.   CONCLUSION

Count V of the plaintiff's complaint fails to set forth sufficient allegations

demonstrating a plausible claim to relief under Monell. Therefore, I will grant the

defendants' motion to dismiss Count V. However, Rule 15 of the Federal Rules of Civil

Procedure mandates that "[t]he court should freely give leave [to amend] when justice so

requires." Fed. R. Civ. P. 15(a)(2). In accordance with Rule 15, I will give the plaintiff

twenty days to amend his complaint to set forth a Monell claim that comports with the

Federal Rules of Civil Procedure.

An appropriate Order follows.