# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES KIRBY as the parent and natural guardian of his minor son, LUKE KIRBY | : : : : | |
| Plaintiff, | : : | JURY OF TWELVE DEMANDED |
| v. | : : : | |
| VISIONQUEST NATIONAL, LTD, et al | : : | No.: 15-CV-6208 |
| Defendants | : | |

## FIRST AMENDED COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.  Plaintiff, Charles Kirby (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.  Plaintiff, Charles Kirby is the parent and natural guardian, of Luke Kirby, a minor, and Plaintiff brings this case by and on behalf of his son, Luke Kirby.

3.  Defendant, VISIONQUEST NATIONAL LTD. is a foreign corporation doing business in the City and County of Philadelphia, subject to and under the laws of the Commonwealth of Pennsylvania with its principle and registered place of business at the above captioned address.

4.  Defendant, VISIONQUEST NONPROFIT COROPORATION is a foreign corporation doing business in the City and County of Philadelphia, subject to and under the laws of the Commonwealth of Pennsylvania with its principle and registered place of business at the above captioned address.

5. At all times material hereto, Defendants, Visionquest National Ltd., Visionquest Nonprofit Corporation are acting together, in concert, by and on each other's behalf, and are owners, operators, proprietors and managers of a Visionquest facility located at 5201 Old York Road in Philadelphia, a business.

6. At all times material hereto, Defendants, Visionquest National Ltd., Visionquest Nonprofit Corporation owned, operated, and/or managed the aforementioned Visionquest Facility, a for profit program to monitor, supervise, teach, change, direct, redirect, manage and/or assist troubled youth and minors with alternative methods of teaching and/or behavior modification with teenagers who had disciplinary issues, lack of impulse control, lack of structure, poor organizational skills, poor and/or inadequate coping skills, and/or inadequate life skills.

7. At all times material hereto, Defendants had full and complete physical custody, guardianship, safekeeping, charge, care and/or supervision of Luke Kirby.

8. Defendant, John Doe No. 1, aka, KYLE is an adult individual and employee at Defendants, Visionquest National Ltd., Visionquest Nonprofit Corporation, and has a primary employment address, as set forth above.

9. At all times material hereto, Luke Kirby was being held pursuant to court order at the aforementioned VisionQuest facility, owned, operated, maintained and/or managed by Defendants.

10. Defendants were the court appointed guardians of Luke Kirby in loco parentis.

11. The First Judicial District of Pennsylvania has personal jurisdiction over the Defendants, and subject matter jurisdiction over the Plaintiffs' claims.

12. Venue is proper in the First Judicial District as Defendants conduct business in this judicial district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in Philadelphia.

## II. Operative Facts.

13. On May 14, 2015, Luke Kirby was a resident at the aforementioned VisionQuest facility on Old York Road pursuant to a court order.

14. On the evening of May 14, 2015, Luke Kirby and several other members of his unit (Unit Bravo 1) were in the common room watching television, when an argument began.

15. Luke Kirby and another boy began fighting and were standing face to face fighting.

16. Defendants' employees, security guards rushed into the common room to break up the fight which had been ongoing for about thirty (30) seconds.

17. One of Defendants' guards, known only to Luke Kirby as "Kyle" rushed into the room and grabbed Luke, placing his hands around Luke's wrists and twisting Luke's arms behind his back.

18. Kyle then intentionally and/or recklessly and/or negligently shoved Luke's face squarely into a door with a glass window in it, yelling, "HOW DOES THAT FEEL?!?!?"

19. The force of Luke's face hitting the glass window in the door caused the glass to shatter and Luke's face to become seriously injured as a result.

20. Immediately after the incident, Kyle apologized to Luke Kirby for his actions.

21. Luke was then transported to Albert Einstein Medical Center where he was treated in the emergency room for those injuries.

22.     At no time did any representative or employee of Defendants telephone Charles Kirby to advise him that his son was at the hospital.

23.     At no time did Defendants make a proper reporting of child abuse to the Pennsylvania Office of Children, Youth and Families, despite being a required reporter.

24.     Soon after the incident, Luke Kirby has been transferred to the Glen Mills School for Boys in Glen Mills, Pennsylvania.

25.     The injuries sustained by Plaintiff, Luke Kirby, a minor, while under the supervision, care and control of Defendants when suddenly Luke was attacked, assaulted, battered and beaten by one or more attendees/security guards at Defendants' program on Defendants' campus resulting in serious and/or permanent personal injuries to Luke Kirby.

**III. Claims.**

### COUNT I—ASSAULT AND BATTERY
### (Plaintiffs v. John Doe Defendant No. 1, "Kyle")

26.     Plaintiffs incorporate the paragraphs set forth above as if fully set forth at length herein.

27.     The conduct set forth above by Defendant John Doe No. 1 Kyle was intentional.

28.     The conduct set forth above By Defendant John Doe No. 1 Kyle was committed with the intent to harm and/or cause Plaintiff, Luke Kirby to sustain injury.

29.     As a result of Defenant John Doe No. 1, Kyle's conduct, Plaintiffs sustained the injuries described above.

**WHEREFORE,** Plaintiff Charles Kirby, as the parent and natural guardian of Luke Kirby demands judgment in his favor and against all Defendants, jointly and severally, in an amount in excess of $75,000.00 together with:

A. Compensatory damages, including but not limited to: medical bills, mental and emotional distress, pain and suffering, personal injury damages, lost wages, lost earning capacity;

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

## COUNT II—RESPONDEAT SUPERIOR
**(Plaintiffs v. Defendants, Visionquest National Ltd., Visionquest Nonprofit Corporation)**

30. Plaintiffs incorporate the paragraphs set forth above as if fully set forth at length herein.

31. At all times material hereto, Defendant John Doe No. 1 Kyle was employed by Defendants, Visionquest National Ltd., Visionquest Nonprofit Corporation.

32. At all times material hereto, Defendant John Doe No. 1 Kyle was empowered by Defendants, Visionquest National Ltd., Visionquest Nonprofit Corporation with authority to supervise, watch, care for, teach and/or use force over Plaintiff Luke Kirby.

33. The aforementioned conduct of Defendant John Doe No. 1 Kyle was undertaken while in the course and scope of his employment duties.

34. As such, Defendants, Visionquest National Ltd., Visionquest Nonprofit Corporation are wholly responsible and liable for the aforementioned conduct of Defendant, John Doe No. 1, Kyle.

**WHEREFORE,** Plaintiff Charles Kirby, as the parent and natural guardian of Luke Kirby demands judgment in his favor and against Defendants, VisionQuest International, Ltd and VisionQuest Nonprofit Corporation jointly and severally, in an amount in excess of $75,000.00 together with:

A. Compensatory damages, including but not limited to: medical bills, mental and emotional distress, pain and suffering, personal injury damages, lost wages, lost earning capacity;

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

## COUNT III—NEGLIGENCE
### (Plaintiffs v. All Defendants)

35. Plaintiffs incorporate the paragraphs set forth above as if fully set forth at length herein.

36. The injuries sustained by Luke Kirby on May 14, 2015, were caused by the negligence and/or recklessness, and/or intentional conduct of the Defendants, by and through their agents and employees, as follows:

a) Failing to properly supervise, instruct, train, engage, control, watch, manage, direct, organize, handle command, and/or take charge of the minor attendees of their program on their grounds;

b) Failing to secure the safety of Luke Kirby;

c) Failing to properly train, supervise, control, hire, retain their security force, specifically Kyle;

d) Failing to exercise reasonable care of the attendees and security guards in Defendants' program;

e) Failing to exercise reasonable care in ensuring that any and all of their custodial minors were properly supervised at all times;

f) Using unnecessary force upon Luke Kirby;

g) Unnecessarily disciplining Luke Kirby;

h) Using extreme force to discipline Luke Kirby;

i) Using improper methods to discipline Luke Kirby;

j) Failing to provide timely and/or proper training and/or supervision;

k) Failing to properly hire, train, supervise, discipline, and/or discharge its agents and employees, including "Kyle";

l) Failing to take measures to prevent the dangerous conduct of "Kyle" which created a reasonably foreseeable risk of the kinds of injuries to which Luke Kirby was subject to;

m) Violating the statutes of the Commonwealth of Pennsylvania and/or the ordinances of the City of Philadelphia; and

n) Being otherwise careless and negligent and engaging in tortious conduct under the circumstances and as discovery may disclose.

37. As a direct and proximate result of Defendants' conduct, Plaintiff sustained traumatic brain injury/concussion, lacerations requiring stiches to his left shoulder, a laceration to his ear as well as a severe shock to his system, physical pain and suffering, mental anguish and humiliation.

38. As a direct and proximate result of Defendants' negligence and/or conduct, Plaintiff and Luke Kirby was and/or has been disabled from his daily and/or usual and/or normal activities, hobbies, chores and/or behaviors and/or past times and may continue to suffer in the future.

39. As a direct and proximate cause of Defendants' conduct, Luke Kirby will sustain permanent scarring and/or disfigurement.

**WHEREFORE**, Plaintiff Charles Kirby, as the parent and natural guardian of Luke Kirby demands judgment in his favor and against Defendants, VisionQuest International, Ltd and VisionQuest Nonprofit Corporation jointly and severally, in an amount in excess of $75,000.00 together with:

   A. Compensatory damages, including but not limited to: medical bills, mental and emotional distress, pain and suffering, personal injury damages, lost wages, lost earning capacity;

   B. Punitive damages;

   C. Attorneys fees and costs of suit;

   D. Interest, delay damages; and,

   E. Any other further relief this Court deems just proper and equitable.

### COUNT IV—CIVIL RIGHTS VIOLATIONS—42 U.S.C. § 1983
### (Plaintiffs v. John Doe Defendant No. 1)

40. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

41. At the time of Defendants' conduct, Plaintiff, Luke Kirby had not committed any infraction or otherwise to legally justify the force used by Defendants.

42. Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

43. At all times material hereto, Defendants were engaged in performing a governmental function.

44. At all times material hereto, Defendants caused Plaintiff to suffer excessive force by their wrongful conduct all in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

**WHEREFORE,** Plaintiff Charles Kirby, as the parent and natural guardian of Luke Kirby demands judgment in his favor and against Defendants, VisionQuest International, Ltd and VisionQuest Nonprofit Corporation jointly and severally, in an amount in excess of $75,000.00 together with:

A. Compensatory damages, including but not limited to: medical bills, mental and emotional distress, pain and suffering, personal injury damages, lost wages, lost earning capacity;

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:   s/Graham F. Baird
   **GRAHAM F. BAIRD, ESQUIRE**
   Two Penn Center
   1500 JFK Boulevard, Suite 1240
   Philadelphia, PA 19110

   Attorney for Plaintiffs, Charles Kirby and Luke Kirby

Date: May 16, 2016

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES KIRBY as the parent and natural guardian of his minor son, LUKE KIRBY | : : : | |
| Plaintiff, | : : : | JURY OF TWELVE DEMANDED |
| v. | : : | |
| VISIONQUEST NATIONAL, LTD, et al | : : | No.: 15-CV-6208 |
| Defendants | : | |

## CERTIFICATE OF SERVICE

On May 16, 2016, the undersigned served the Plaintiffs' Amended Complaint via e-filing upon the Defendants' counsel:

Matthew H. Fry, Esquire
21 West Front Street
P.O. Box 1789
Media, PA 19063

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: /s/Graham F. Baird

**GRAHAM F. BAIRD, ESQUIRE**

Attorney for Plaintiffs, Charles and Luke Kirby

Date: May 16, 2016